IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ANDRE G. FONVILLE, | § | |
| | § | No. 2, 2015 |
| Defendant Below- | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Sussex County |
| | § | Cr. ID Nos. 1409005465 |
| Plaintiff Below- | § | and 1203007725 |
| Appellee. | § | |

Submitted: August 17, 2015
Decided: October 13, 2015

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

# **O R D E R**

This 13th day of October 2015, upon consideration of the appellant's brief filed under Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:

(1)   In September 2014, the defendant-appellant, Andre Fonville, was arrested on multiple drug-related charges. As a result of these charges, Fonville also was charged with violating the terms of his probation in Cr. ID 1203007725. On December 16, 2014, Fonville pled guilty to one count each of Possession of Heroin in a Tier 5 Quantity and Drug Dealing in a Tier 2 Quantity. He also admitted that he was a habitual offender and that he had violated his probation. The Superior Court immediately sentenced Fonville

as a habitual offender to a total period, including the VOP, of thirty-two years and six months at Level V incarceration, with credit for 100 days previously served, to be suspended after serving five years in prison for one year at Level IV Crest followed eighteen months at Level III Crest Aftercare. This is Fonville's direct appeal.

(2) Fonville's counsel filed a brief and a motion to withdraw under Supreme Court Rule 26(c). Counsel asserts that, based upon a complete and careful examination of the record, there are no arguably appealable issues. By letter, counsel informed Fonville of the provisions of Rule 26(c) and gave him a copy of the motion to withdraw and the accompanying brief and appendix. Fonville also was informed of his right to supplement counsel's presentation. Fonville has raised several issues for inclusion in the Rule 26(c) brief.

(3) In response to his counsel's motion to withdraw, Fonville enumerates six issues for the Court's consideration. First, he contends that the State committed a *Brady* violation when it failed to provide him with a copy of the Medical Examiner's drug testing report. Second, he contends that the officers exceeded the scope of the search warrant. In a third, related argument, he asserts that the search warrant was executed at night but was not a nighttime search warrant. Fourth, Fonville argues that the evidence

2

was insufficient to establish the possession charge. Fifth, he contends that the Superior Court erred in failing to sanction the State for committing a discovery violation. And, sixth, Fonville contends that his trial counsel was ineffective.

(4) The standard and scope of review applicable to the consideration of defense counsel's motion to withdraw and an accompanying brief under Rule 26(c) is twofold: a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and b) the Court must conduct its own review of the record in order to determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]

(5) With the exception of his ineffective assistance of counsel claims, which we decline to consider for the first time in this direct appeal,[2] the disposition of Fonville's remaining claims hinges on the Court's determination of whether Fonville entered his guilty plea knowingly, intelligently, and voluntarily.[3] It is well-settled that a knowing and voluntary guilty plea waives a defendant's right to challenge any errors

---

[1] *Penson v Ohio*, 488 U.S. 75, 83 (1988); *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429, 442 (1988); *Anders v. California*, 386 U.S. 738, 744 (1967).
[2] *Sahin v. State*, 7 A.3d 450, 451 (Del. 2010) (claims of ineffective assistance generally are not considered for the first time on direct appeal).
[3] *Lewis v. State*, 2010 WL 2163910, at *1 (Del. May 11, 2010).

occurring before the entry of the plea, "even those of constitutional dimensions."[4]

(6)     In this case, Fonville does not raise any argument challenging the validity of his plea. Moreover, the record supports the conclusion that Fonville knowingly, intelligently, and voluntarily pled guilty with a full understanding of the rights he was waiving. The judge engaged in a colloquy with Fonville in open court. Fonville informed the judge that he understood the charges against him and that he was pleading guilty because he was, in fact, guilty. Fonville stated that he had reviewed the guilty plea agreement and that he understood its meaning. Fonville also told the judge that no one was forcing him to plead guilty and that he was satisfied with his counsel's representation. The Superior Court accepted Fonville's plea and sentenced him in accordance with his plea agreement.

(7)     Under the circumstances of this case, we find that Fonville's knowing, intelligent, and voluntary guilty plea waived his right to challenge the search warrant or the search, to challenge any alleged discovery issues or violations, or to challenge the sufficiency of the State's evidence.[5] We have reviewed the record carefully and conclude that Fonville's appeal is wholly

---

[4] *Wilson v. State*, 2010 WL 572114, at *2 (Del. Feb. 18, 2010) (*quoting Smith v. State*, 2004 WL 120530, at *1 (Del. Jan. 15, 2004)).

[5] *Brown v. State*, 108 A.3d 1201, 1202 (Del. 2015) (holding that the defendant's valid guilty plea waived any right to challenge the strength of the State's evidence, including the chain of custody of the drug evidence).

4

without merit and devoid of any arguably appealable issue. We also are satisfied that Fonville's counsel has made a conscientious effort to examine the record and has properly determined that Fonville could not raise a meritorious claim in this appeal.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.

BY THE COURT:


*/s/ Collins J. Seitz, Jr.*
Justice